CARNES, Circuit Judge,
dissenting:
The sentences that the district court imposed on these two defendants should be vacated, because in calculating the guidelines ranges the court violated the law of the case doctrine. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir.2005) (“[AJfter Booker, ‘[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing,’ ” which, “at a minimum, obliges the disti’ict court to calculate correctly the sentencing range prescribed by the Guidelines.” (citation omitted)). The district court’s statement that it would have reached the same result after considering the 18 U.S.C. § 3553(a) factors cannot save these sentences, because the court’s § 3553(a) consideration was itself marred by different errors. See United States v. Clay, 483 F.3d 739, 745 (11th Cir.2007) (“[A] sentence can be unreasonable, regardless of length, if it was substantially affected by the consideration of impermissible factors.” (citation omitted)). An erroneous secondary ruling cannot render error in a primary ruling harmless.
In calculating the defendants’ offense levels under the advisory guidelines, the district court subtracted the bonus money Poirier’s bond firm paid out to its partners from the total “improper benefit conferred” on the firm as a result of deVegter’s help in securing the underwriting contract. Doing that decreased the defendants’ offense levels by 2, and lowered their guideline ranges of 41-51 months down to 33-41 months imprisonment. See U.S.S.G. §§ 2B4.1(a) & (b)(1); 2F 1.1(b); ch. 5, pt. A.
In lowering the guidelines ranges for that reason the district court violated the law of the case doctrine and our mandate. We held as part of the last deVegter appeal that “[tjhe inherent difficulty of apportioning a year-end bonus to a specific transaction takes it outside the realm of direct costs that should be subtracted from profits in determining the net improper benefit.” United States v. deVegter, 439 F.3d 1299, 1305 (11th Cir.2006). We instructed the district court on remand to recalculate the “net improper benefit” used to determine the offense levels without considering the bonuses, “because bonuses were not direct costs that needed to be subtracted in estimating this amount.” Id. at 1308. The district court went ahead and subtracted the bonuses anyway.
The majority contends that the evidentiary hearing on remand established that the bonus money was directly attributable *244 to the improper benefit conferred on the bond company and therefore could be subtracted as a direct cost of doing business. We did not, however, instruct the district court to hold an evidentiary hearing on whether our decision was correct or not. Our decision did not permit the district court to take evidence on the issue. We told the district court not to consider the bonuses. Period.
The majority also believes that even if the district court erred in subtracting the bonus money in order to calculate the net improper benefit to determine the guidelines ranges, the error was harmless because the district court stated that it would have reached the same sentences based on its consideration of the § 3553(a) factors. I am all in favor of the harmless error approach permitted in United States v. Keene, 470 F.3d 1347 (11th Cir.2006), for the reasons I pointed out in that decision and in my concurring opinion in United States v. Williams, 431 F.3d 767 (11th Cir.2005). The Keene rule, however, presupposes that the alternative basis for the sentence based on the § 3553(a) factors will itself be free from error. Two layers of error is not equal to none. Here the district court’s consideration of the § 3553(a) factors and conclusion about the sentence it would impose based on them were themselves marred by error—two of them.
First, the district court based its decision that, even if its guidelines calculation were wrong, the defendants would be entitled to a downward variance to the same offense level of 41 to 51 months because deVegter “promised nothing in return” to Poirier for the bribe. The defendants made exactly the same argument in the appeal from their convictions, arguing that the evidence of the bribe was insufficient to convict them because there was no quid pro quo. United States v. Poirier, 321 F.3d 1024, 1032 (11th Cir.2003). We expressly rejected that argument, holding that “[t]he evidence ... demonstrated that Poirier authorized the illicit payment to deVegter in exchange for deVegter’s assistance.” Id. at 1033. The assistance deVegter rendered stemmed from the fact that he “had access to confidential documents, had a duty to protect them, and improperly disclosed them to Poirier and others.” Id.
The district court’s § 3553(a) finding that deVegter “promised nothing in return” for the cash is flatly inconsistent with our law of the case finding that Poirier gave deVegter the cash “in exchange for deVegter’s improper assistance” in securing the underwriting contract. That violation of the law of the case is one way the district court’s § 3553(a) reasoning was tainted by error.
The other way involves the district court’s finding that the defendants had “always conducted [themselves] honorably and worked for the best interests of [their] clients.” In United States v. Martin, 455 F.3d 1227 (11th Cir.2006), the district court made the same point in using its authority under 18 U.S.C. § 3553(a) to vary the defendant’s sentence downward to seven days imprisonment. Id. at 1239. The district court in that case said that the extraordinary § 3553(a) variance was warranted in part because the defendant’s “fraudulent conduct [w]as an ‘aberration’ in his otherwise outstanding life.” Id. We reversed, holding that it was unreasonable to consider the defendant’s otherwise outstanding life at the § 3553(a) sentencing stage because the defendant’s “criminal history category of I already takes into account his lack of a criminal record” and good behavior. Id. Likewise, the fact that deVegter and Poirier’s criminal conduct was an aberration in otherwise honorable service to their clients was already ac *245 counted for when the district court calculated their advisory guidelines ranges using a criminal history category of I. As we said in Martin, this otherwise outstanding life should not be counted again at the § 3553(a) stage. To do so was error.
Because the district court’s fallback reasoning for the sentences it imposed is as erroneous as its primary reasoning, this case does not qualify for a Keene harmless error affirmance. I would vacate the sentences and have the district court recalculate them once again, this time free of any error.